JONES, Justice
(dissenting).
I respectfully dissent. The challenged charge instructed the jury as follows:
“I would remind you that you are brought here for the purpose of resolving that fact. The very reason you are here is to reach a verdict. If you don’t reach a verdict, come back and say we can’t decide because we heard different things about the case, the job is not done if you come back and say we can’t decide because that leaves the thing to be done by some other jury, and there is no reason to believe that anything that you would do would be any different than what they could do or that they would have any greater or lesser abilities than you.”
This instruction is defective in that it contained no reference to an individual juror’s right — indeed, duty — to vote his or her convictions with respect to the factual issue submitted to the jury for its resolution. It is one thing to encourage the jurors, collectively and individually, to strive to reach a unanimous verdict, even to the point of reminding them that a “hung jury” means that another jury will be required to retry the case. It is another thing entirely, however, to instruct the jury that it must return a verdict so that a juror feels compelled, under all circumstances, to yield his or her individual convictions to the will of the majority.
The United States Supreme Court, in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), stated the substance of what has become known as the “Allen charge”:
“[I]n a large proportion of cases absolute certainty [can] not be expected[; ... although] the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of [your fellow jurors], yet [you] should examine the question submitted with candor, and with a proper regard and deference to the opinions of each other[; ... it is your] duty to decide the case if [you can] conscientiously do so[; ... you] should listen, with a disposition to be convinced, to each other’s arguments[; ... if] much the larger number [are] for conviction, a dissenting juror should consider whether his doubt [is] a reasonable one which made no impression on the minds of so many men, equally honest, equally intelligent with himself. If, upon the other hand, the majority [is] for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which [is] not concurred in by the majority.”
Allen v. United States, 164 U.S. at 501, 17 S.Ct. at 157.
While the Allen charge strongly encourages each juror to accommodate his or her individual view to that of the majority in an effort to arrive at a unanimous verdict, it also qualifies the exercise of that duty by reminding the juror that “the verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of his fellows” and “that it was [the jurors’] duty to decide the case if they could conscientiously do so.”
Without the appropriate balancing language, the jury instruction in the instant case violates the “unanimous verdict” concept. Moreover, the charge here under consideration goes far beyond the classical Allen charge, as well as any of the charges contained in the cited cases that were upheld as against the Allen test.
ALMON and KENNEDY, JJ., concur.